UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>R. REICH, et al.,<br><br>    Defendants. | Case No. 15-cv-05160-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

### I. INTRODUCTION

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from constitutional violations at Pelican Bay State Prison ("PBSP"), where he is still currently incarcerated. His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at PBSP and at the California Department of Corrections and Rehabilitation ("CDCR"): PBSP Warden C. E. Ducart; PBSP Correctional Officers R. Reich, F. Marulli, J. Anderson, R. Allen, J. Commons, S. Diaz, A. Gates, D. Gongora, E. Healy, L. Hertz and D. Milligan; PBSP Official L. Hall; PBSP Acting Warden T. Puget; PBSP Hiring Authority S. Bradbury; CDCR Secretary J. A. Beard; and CDCR Officials M. Hodges and J. A. Zamora. Plaintiff seeks monetary damages and injunctive relief.

### II. DISCUSSION

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Claim Relating to Right to Grievance System

Plaintiff alleges that on November 26, 2013, he filed a grievance against Defendant Reich for "'Improper Conduct' after she subjected him to continuous taunting and r[i]dicule based on his then Mental Health status . . . ." Dkt. 1 at 9.[1] On November 27, 2013, Defendant Reich approached Plaintiff with the aforementioned grievance in hand and "attempted to dissuade [Plaintiff] from filing it with threats of making . . . his life more difficult . . . ." *Id.* On November 28, 2013, Defendant Reich destroyed his inmate grievance by ripping it in half and then tossing it in the trash. *Id.* Plaintiff claims that on November 28, 2013, he resubmitted the grievance against Defendant Reich "via confidential mail in efforts to ensure and avoid it being short-stop[p]ed by Defendant Reich." *Id.* at 10. Plaintiff's aforementioned allegations relating to Defendant Reich preventing Plaintiff's access to the grievance process are DISMISSED for failure to state a claim under section 1983 because it is well established that there is no constitutional right to a prison administrative appeal or grievance system, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and that the creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

#### 2. Retaliation

Plaintiff alleges that Defendant Reich's aforementioned actions relating to the November

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

26, 2013 grievance amounted to retaliation against Plaintiff for exercising his First Amendment right to file inmate grievances. In addition, Plaintiff alleges that: (1) on November 28, 2013, Defendant Reich gave Plaintiff access to the yard then "act[ed] in a reckless manner by not closing the yard door and purposely opening other inmates' cell doors and thus exposing him to an attack"; (2) on the same date, when Plaintiff questioned Defendant Reich's actions of not closing the yard door, she closed it but then decided to "deny Plaintiff his exercise yard time for his having a book on the yard"; (3) on the same date, Plaintiff asked Defendant Reich to contact the sergeant, and, when the sergeant never came, Plaintiff was allowed to stay for the remaining hour and a half of yard time before Defendant Reich asked him to return to his cell; (4) on December 10, 2013, Plaintiff was issued a Rules Violation Report ("RVR") in which Defendant Reich "falsely alleged that on November 28, 2013 Plaintiff had 'refused to obey orders' to return to his cell," therefore, Plaintiff was found guilty and his television privileges were suspended for 30 days[2]; (5) during the 30-day television suspension, Defendant Reich "would call on [Plaintiff] via the Public Address System and or through the control window to ask how life was with no TV and to offer on calling for psych services"; and (6) on "many other occasions" Defendant Reich "would leave Plaintiff's cell door wide open—refusing to close it—while allowing other inmates to access the yard." *Id.* at 9-11.

It is well-established that prisoners may not suffer retaliation for filing prison grievances and appeals, or for filing court actions. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Liberally construed, Plaintiff's allegations appear to state an arguably cognizable retaliation claim under section 1983 against Defendant Reich. *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1114-18 (9th Cir. 2012) (cognizable claim under section 1983 where in retaliation for filing grievances, inmate was issued false disciplinary charge by officer, denied parole in part due to false statements made by another officer, threatened to be punched by third officer, and deprived of food by fourth officer; however, no retaliation stemming from bare allegation of fifth officer's harassing behavior).

---

[2] Plaintiff claims that he appealed the December 10, 2013 RVR guilty finding, and it was reversed and eventually the RVR was rescinded. Dkt. 1 at 10.

### 3. Deliberate Indifference to Safety

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test for deliberate indifference consists of two parts, an objective prong and a subjective prong. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834. Second, the subjective component requires that the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

Plaintiff claims that on June 25, 2014, Plaintiff was assaulted by another inmate when Defendant Reich "maliciously allowed another inmate to remain out of his cell and lay in wait for Plaintiff." Dkt. 1 at 11. Plaintiff claims that he received injuries which required "multiple stitches." *Id.* Plaintiff adds that the "assault was violent and the duration of it unnecessarily and wantonly excessive" because Defendant Reich "did not [i]mmediately activate the alarm [and] instead she watched part of the assault then hurried to close the yard door thus denying Plaintiff the safety of the pod area." *Id.* Plaintiff claims that "when the responding officers showed up [he] was never assisted despite his refusal to fight back, instead responding officer[s] took up the position of spectators—taking turns watching through the window—never taking action to stop the assault despite [his] obvious injuries." *Id.* Plaintiff claims he had no other option but to "defend himself in hopes to end the assault."[3] *Id.* Plaintiff names the responding officers as Defendants Marulli, Anderson, Allen, Commons, Diaz, Gates, Gongora, Healy, Hertz and Milligan. *Id.* Prior to June 25, 2014, Plaintiff had filed a grievance about Defendant Reich's "reckless actions" of leaving his cell door open, which was handled and upon which Defendants Hodges, Zamora, Hall, Pudget and Bradbury failed to act. *Id.*

---

[3] On July 8, 2014, Plaintiff was issued an RVR authored by Defendant Reich, in which she charged Plaintiff of "Battery" stemming from the June 25, 2014 incident. Dkt. 1 at 12. Plaintiff was then denied release from the Security Housing Unit and denied transfer to a prison near his family. *Id.* There is nothing further in the complaint relating to this RVR, including whether Plaintiff was found guilty or whether he was assessed any punishment as a result of such a guilty finding.

4

Liberally construed, the allegations of the complaint state a claim for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights. Plaintiff has alleged facts sufficient to link the following Defendants to this claim: Defendants Reich, Marulli, Anderson, Allen, Commons, Diaz, Gates, Gongora, Healy, Hertz and Milligan, Hodges, Zamora, Hall, Pudget and Bradbury.

### 4. Supervisory Liability Claims

Plaintiff has also named the following Defendants in his complaint: CDCR Secretary J. A. Beard and PBSP Warden C. E. Ducart. Dkt. 1 at 7. However, Plaintiff does not claim that these aforementioned Defendants personally violated his constitutional rights. Rather, Plaintiff seems to contend that these Defendants are liable based on the conduct of their subordinates, the aforementioned PBSP and CDCR Defendants. However, there is no respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of these Defendants. Accordingly, Plaintiff's supervisory liability claims against Defendants Beard and Ducart are DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegations in his complaint appear to state an arguably cognizable retaliation claim under section 1983 against Defendant Reich.

2. Plaintiff's allegations in his complaint state a claim for deliberate indifference to safety in violation of his Eighth Amendment rights against Defendants Reich, Marulli, Anderson, Allen, Commons, Diaz, Gates, Gongora, Healy, Hertz and Milligan, Hodges, Zamora, Hall, Pudget and Bradbury.

3. Plaintiff's supervisory liability claims against Defendants Beard and Ducart are DISMISSED without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

5

Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to: **PBSP Correctional Officers R. Reich, F. Marulli J. Anderson, R. Allen, J. Commons, S. Diaz, A. Gates, D. Gongora, E. Healy, L. Hertz, D. Milligan; PBSP Official L. Hall; PBSP Acting Warden T. Puget, PBSP Hiring Authority S. Bradbury; and CDCR Officials M. Hodges and J. A. Zamora.** The Clerk shall also mail a copy of the complaint and a copy of this Order to State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

     5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

     a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.    All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: April 20, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge